[820 NYS2d 643]

In the Matter of Peter T. Sylver (Admitted as Peter Timothy Sylver), a Suspended Attorney, Respondent. Grievance Committee for the Second and Eleventh Judicial Districts, Petitioner.

Second Department, August 29, 2006

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Michele Martino* of counsel), for petitioner.

*Steven G. Leventhal, P.C.*, Brooklyn, for respondent.

## OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated September 28, 2005, containing one charge of professional misconduct. Following a preliminary hearing on November 22, 2005, during which the respondent essentially admitted all the allegations, and a hearing on December 28, 2005, the Special Referee sustained the charge. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court may deem just and proper. In his responsive papers, the respondent does not oppose the petitioner's motion but he requests that this Court consider the mitigating circumstances and limit the discipline imposed to a retroactive suspension for the period from the commencement of his interim suspension, August 30, 2005, to the present.

The charge alleges that the respondent engaged in conduct violating Code of Professional Responsibility DR 1-102 (a) (3) and (7) (22 NYCRR 1200.3 [a] [3], [7]) by being convicted of, inter alia, one count of official misconduct, in violation of Penal Law § 195.00, a class A misdemeanor, on July 23, 2004, before the Honorable Victor M. Ort, in the Supreme Court, Nassau County. The respondent was sentenced to probation for a period of three years. Inasmuch as the respondent has admitted the charge and does not oppose the petitioner's motion to confirm the Special Referee's report, which sustained the charge, the motion is granted.

In determining an appropriate measure of discipline to impose, the petitioner reports that the respondent has no prior disciplinary history. During the hearing, the respondent testified in mitigation and submitted 15 letters from various colleagues, friends, family members, and community dignitaries, attesting to his good character, honesty, integrity, and commitment to his work, community, and family. The respondent explained that the conduct underlying the criminal conviction

occurred while he served as Nassau County's Deputy County Executive for Economic Development. Ultimately, he was found guilty of violating certain competitive bidding requirements mandating that three bids be made prior to certain purchases. According to the respondent, he was not aware that the competitive bidding requirements were applicable to certain small employment-related purchases that he made and from which he received no personal gain. Nevertheless, he ultimately paid the County restitution in the sum of $1,200 and resigned from his position. He also was convicted with respect to an unrelated incident of coercion in the second degree, a misdemeanor, and harassment, a violation.

After leaving county government, the respondent worked in a seminary and subsequently enrolled in another seminary to obtain a Master's degree in divinity. He and his wife have moved to Massachusetts, where he has transferred to a seminary outside of Boston. He currently serves as an assistant minister or assistant pastor, and he plans to be ordained and obtain a doctorate in religious studies.

The respondent's counsel points out that the respondent has been candid, cooperative, and extremely contrite throughout the disciplinary proceeding.

Notwithstanding the mitigation advanced in the instant case, the respondent has been convicted of a serious crime and other offenses committed in his capacity as a public official. Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of two years, with credit for the time elapsed under the interim suspension imposed by the decision and order on motion of this Court dated August 30, 2005.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and CRANE, JJ., concur.

Ordered that the motion is granted; and it is further,

Ordered that the respondent, Peter T. Sylver, admitted as Peter Timothy Sylver, is suspended from the practice of law for a period of two years, commencing immediately, with credit for the time elapsed under the interim suspension imposed by the decision and order on motion of this Court dated August 30, 2005, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months before the expiration of that period upon furnishing satisfactory proof that during the said period he (1)

refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Peter T. Sylver, admitted as Peter Timothy Sylver, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Peter T. Sylver, admitted as Peter Timothy Sylver, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance, pursuant to 22 NYCRR 691.10 (f).