[60 NYS3d 405]

In the Matter of MARK A. BONILLA, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 30, 2017

---

**APPEARANCES OF COUNSEL**

*Catherine A. Sheridan*, Hauppauge (*Stacey J. Sharpelletti* of counsel), for petitioner.

*Mark A. Bonilla*, Bellmore, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated August 31, 2016, containing two charges of professional misconduct. After a preliminary conference on January 12, 2017, and a hearing conducted on January 31, 2017, the Special Referee sustained both charges. The Grievance Committee moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and appropriate. The respondent has submitted a response in support of the Grievance Committee's motion to confirm, and contends that the appropriate sanction for his misconduct is a sanction no greater than a six-month suspension, effective the date of this Court's order of immediate suspension.

Charge one alleges that the respondent engaged in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer in that he was convicted of a crime within the meaning of section 90 (2) of the Judiciary Law, in violation of rule 8.4 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:

On or about October 26, 2012, an information was filed in District Court of Nassau County, First District, Criminal Part,

charging the respondent with two counts of official misconduct, in violation of Penal Law § 195.00 (1); coercion in the second degree, in violation of Penal Law § 135.60 (8); and attempted petit larceny, in violation of Penal Law §§ 110.00 and 155.25. On July 25, 2013, the respondent was found guilty, after a nonjury trial, before the Honorable Sharon M. J. Gianelli, in District Court, Nassau County, of official misconduct. On October 7, 2013, he was sentenced to a one-year conditional discharge, fined $1,000, and directed to pay a $225 surcharge, and a crime victims assessment fee of $25. On October 16, 2013, the respondent appealed from the judgment of conviction. On September 18, 2015, the Appellate Term of the Supreme Court, Second Judicial Department, affirmed (49 Misc 3d 132[A], 2015 NY Slip Op 51438[U] [2015]).

Charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer in that the respondent was convicted of a crime within the meaning of section 90 (2) of the Judiciary Law, in violation of rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the factual allegations specified in charge one.

The parties entered into a stipulation of facts agreeing to the following:

"1. On or about July 25, 2013, after a trial before the Hon. Sharon M.J. Gianelli, a Judge of the District Court of Nassau County, the respondent was found guilty of one (1) count of the crime of Official Misconduct, a Class A Misdemeanor, under Penal Law § 195.00[1].

"2. The respondent's conviction of the crime of official misconduct related to his efforts, while serving as Hempstead Town Clerk, to gain incriminating evidence against a female employee who had accused him of sexual harassment. Specifically, upon learning that a male employee possessed compromising photographs of the female employee, the respondent tried to obtain the photographs by threatening to have the male employee transferred from his position in the respondent's office if he did not provide the photographs. Shortly after making this threat, and without having received the photographs, the respondent retracted his 'request' for the photographs and apologized to the male employee.

"3. Upon his conviction, the respondent was removed from office, after having served as Hempstead Town Clerk for ten years.

"4. By letter dated July 29, 2013, the respondent notified the petitioner of his conviction, the date of his upcoming sentencing, and his intention to appeal the conviction.

"5. On or about October 7, 2013, the respondent was sentenced to a one-year conditional discharge. The respondent was also ordered to pay a $1,000 fine and to complete 300 hours of community service. The respondent has paid the $1,000 fine, and performed and completed over 300 hours of community service at the Nassau University Medical Center between November 14, 2013 and January 14, 2014.

"6. On or about October 16, 2013, a Notice of Appeal of the respondent's July 25, 2013 judgment of conviction was filed in the District Court.

"7. On or about September 18, 2015, the Appellate Term of the Supreme Court, Second Judicial Department, affirmed the judgment of conviction, while specifically noting that an acquittal would not have been unreasonable in view of the conflicting testimony provided at the respondent's trial and the conflicting inferences that could be drawn.

"8. By affirmation dated April 22, 2016, on notice to the respondent, the petitioner advised the Court of its position that the respondent's conviction for official misconduct was a 'serious crime' warranting his suspension pursuant to Judiciary Law § 90 (4) (f) and former 22 NYCRR 691.7 (b).

"9. On or about May 1, 2016, the respondent moved to set aside his immediate suspension.

"10. By Decision & Order on Motion dated August 12, 2016, on its own motion, the Court immediately suspended the respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f) as a result of his conviction of a serious crime, until further order of the Court, denied the respondent's motion to set aside his immediate suspension, and authorized

the petitioner to institute and prosecute a disciplinary proceeding.

"11. On or about September 9, 2016, the respondent was served with a Notice of Verified Petition and Verified Petition alleging professional misconduct based on the criminal conviction.

"12. The respondent filed an Answer on or about September 23, 2016, wherein he admitted the factual allegations contained in the Verified Petition."

Based on the stipulation of facts, and the respondent's admissions, the Special Referee properly sustained the charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

In determining the appropriate sanction to impose, the respondent asks the Court to impose a six-month suspension nunc pro tunc to the date of the Court's immediate suspension order (2016 NY Slip Op 82404[U] [Aug. 12, 2016]), taking into consideration, inter alia, the following mitigating factors: his conduct was not malicious, the threats were not physical, and allegedly were not of a financial nature; his cooperation at his criminal trial; the public humiliation he has endured as well as the loss of his entire life's savings defending the case and sustaining his family; the 300 hours of community service he has completed; his remorse; the 121 character letters he submitted to the sentencing court, which demonstrate that the misconduct was an isolated act; and his unblemished record in 20 years of practice. Notwithstanding the mitigation advanced, the respondent has been convicted of a serious crime committed in his capacity as a public official. While serving as Hempstead Town Clerk, the respondent threatened to have an employee transferred from his position in the respondent's office if he did not provide the respondent with incriminating photographs, conduct clearly abusive of his position. The respondent's actions were committed knowingly and with venal purpose in an effort to defend himself against the claim of a female employee who had accused him of sexual harassment.

Under the totality of the circumstances, we conclude that a suspension of two years is warranted, with credit for the time elapsed under the immediate suspension imposed by this Court's order.

ENG, P.J., MASTRO, RIVERA, DILLON and LEVENTHAL, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Mark A. Bonilla, is suspended from the practice of law for a period of two years, effective immediately, with credit for the time elapsed under the decision and order of this Court dated August 12, 2016 (2016 NY Slip Op 82404[U]), continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than February 13, 2018. In such application (*see* 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that, during the period of suspension, he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11, and (4) otherwise properly conducted himself; and it is further,

Ordered that the respondent, Mark A. Bonilla, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Mark A. Bonilla, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Mark A. Bonilla, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).