Matter of Weissmann (2019 NY Slip Op 06170)





Matter of Weissmann


2019 NY Slip Op 06170


Decided on August 21, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS, JJ.


2018-12668

[*1]In the Matter of Lawrence Alan Weissmann, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Lawrence Alan Weissmann, respondent. (Attorney Registration No. 2111060)



MOTION by the Grievance Committee for the Ninth Judicial District, pursuant to Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12(c)(2)(ii), to suspend the respondent from the practice of law based upon a determination that he has been convicted of a serious crime, and directing him to show cause, pursuant to 22 NYCRR 1240.12(c)(2)(i), why a final order of discipline should not be made. Cross motion by the respondent (1) for a determination that his conviction does not constitute a "serious crime" and for this matter to be remitted back to the Grievance Committee for appropriate action; (2) alternatively, if the Court determines that the conviction is a "serious crime," to vacate the suspension for "good cause" shown pursuant to Judiciary Law § 90(4)(f); (3) to impose a final sanction of public censure, or a short-term suspension no greater than six months, after consideration of the proffered mitigation; and (4) to grant such other and further relief as the Court deems just and appropriate. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 25, 1987.



Gary L. Casella, White Plains, NY (Glenn E. Simpson of counsel), for petitioner.
Sarah Diane McShea, New York, NY, for respondent.



PER CURIAM.


OPINION & ORDER
On June 5, 2018, in the Village of Spring Valley Justice Court, before the Honorable David Ascher, Clarkstown Town Justice Presiding, the respondent was convicted, upon his plea of guilty, of official misconduct, in violation of Penal Law § 195.00(1). On September 20, 2018, the respondent was sentenced to two years' probation, a surcharge of $205, and a DNA fee of $50. A certificate of relief from disabilities was issued on the same day.
As revealed in the misdemeanor complaint charging the respondent with official misconduct, the respondent, in his role as a Special Prosecutor for the Village of Spring Valley Justice Court (hereinafter special prosecutor), appointed to prosecute traffic tickets and zoning violations for the village, "submitted false documentation to the Village Justice in order to justify giving favorable plea dispositions at the behest of Village Trustee Vilair Fonvil, whom [sic] attended plea negotiation sessions, met with individuals facing traffic charges and on occasions directed [the respondent] as to how to dispose of those charges." More specifically, on November 30, 2016, Nathalie Rosene, who had been issued two traffic summonses for illegally parking in a handicapped parking spot, met with Fonvil. Fonvil then instructed the respondent to "remember [Rosene]." [*2]Thereafter, during plea negotiations, the respondent advised Rosene to pretend that she had a handicapped placard and that her placard had fallen inside her vehicle when, in fact, Rosene never had any such placard. The respondent then filed with the court a traffic infraction plea agreement which falsely stated "[d]efendant has disability sticker fell to bottom of car floor" in support of his application to dismiss the parking tickets. Such conduct, the misdemeanor complaint against the respondent charged, constituted an "unauthorized exercise of the [respondent's] official functions."
At his plea allocution, the respondent admitted the above allegations as charged and admitted that he knew his actions were an unauthorized exercise of his official functions as a special prosecutor.
A "serious crime" is defined under Judiciary Law § 90(4)(d) as follows:
"[T]he term serious crime shall mean any offense denominated a felony under the laws of any state, district or territory or of the United States which does not constitute a felony under the laws of this state, and any other crime a necessary element of which, as determined by statutory or common law definition of such crime, includes interference with the administration of justice, false swearing, misrepresentation, fraud, willful failure to file income tax returns, deceit, bribery, extortion, misappropriation, theft, or an attempt or conspiracy or solicitation of another to commit a serious crime.'
The crime of "official misconduct" (Penal Law § 195.00) is defined as follows:
"A public servant is guilty of official misconduct when, with intent to obtain a benefit or deprive another person of a benefit:
"1. He commits an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act is unauthorized; or
"2. He knowingly refrains from performing a duty which is imposed upon him by law or is clearly inherent in the nature of his office.
"Official misconduct is a class A misdemeanor."
Based on the above, the Grievance Committee contends that the respondent's conviction qualifies as a "serious crime" as defined in Judiciary Law § 90(4)(d), thus warranting his suspension from the practice of law pursuant to Judiciary Law § 90(4)(f).
In opposition to the motion, the respondent cross-moves: (1) for a determination that his conviction does not constitute a "serious crime" and for this matter to be remitted back to the Grievance Committee for appropriate action; (2) alternatively, if the Court determines that the conviction is a "serious crime," to vacate the suspension for "good cause" shown pursuant to Judiciary Law § 90(4)(f); (3) to impose a final sanction of public censure, or a short-term suspension no greater than six months, after consideration of the proffered mitigation; and (4) to grant such other and further relief as the Court deems just and appropriate. The respondent waived his right to present evidence in mitigation at a hearing (see 22 NYCRR 1240.12[c][2][iii]).
The respondent contends that the crime of "official misconduct" is not a "serious crime" as defined by Judiciary Law § 90(4)(d) because when comparing the statutory elements of "official misconduct" with necessary elements of a "serious crime," the crime of "official misconduct" does not include any of the enumerated elements required to make a crime a "serious crime" within the meaning of Judiciary Law § 90(4)(d). The respondent's argument makes no reference to the underlying facts. In fact, the respondent contends that the issue of whether a misdemeanor offense is a "serious crime" is determined solely by statutory analysis, as "[t]the Judiciary Law does not contemplate an inquiry into the underlying facts of the offense."
In opposition to the cross motion, the Grievance Committee argues that in determining whether a crime is a "serious crime," the Court may consider the facts of the case as admitted by the respondent at his plea allocution. Here, those facts show that, as argued by the Grievance Committee, the respondent "perverted the administration of justice."
Upon our consideration of the record, and the parties' contentions, we reject the respondent's contention that "official misconduct" is not a "serious crime." We find, without reference to the underlying facts of this case, that a public servant who "commits an act relating to [*3]his office but constituting an unauthorized exercise of his official functions, knowing that such act is unauthorized," (Penal Law § 195.00[1]) necessarily engages in deceitful conduct. In this Court's view, the element of deceit, one of the enumerated statutory elements, is present and, accordingly, "official misconduct" is a "serious crime" as defined by Judiciary Law § 90(4)(d).
In determining the appropriate measure of final discipline in this case, the respondent asks that the Court impose a censure or a six-month suspension, taking into consideration the following mitigating factors: his remorse, his acceptance of full responsibility, his "unblemished" disciplinary history but for a letter of caution, his reputation as an ethical and zealous advocate, his kind and caring nature, his pro bono activities, his health issues, the aberrant nature of the conduct, and the unlikelihood that the misconduct will be repeated.
Notwithstanding the aforementioned mitigation, the Court cannot overlook the fact that the crime committed here epitomizes the kind of corruption at the heart of the judicial system that undermines the public's trust in the courts and their delivery of fair and evenhanded justice. The respondent, in his role as special prosecutor, fabricated evidence to secure a dismissal, knowing that his conduct was wrongful and improper.
Under the totality of the circumstances, we find that a suspension from the practice of law for two years is warranted (see Matter of Bonilla, 154 AD3d 117; Matter of Sylver, 33 AD3d 266; Matter of Feerick, 243 AD2d 51).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and CHAMBERS, J.J., concur.
ORDERED that the branch of the petitioner's motion which is pursuant to Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12(c)(2)(ii) is granted insofar as it is determined that the respondent has been convicted of a serious crime within the meaning of Judiciary Law § 90(4)(d), and the motion is otherwise denied as academic; and it is further,
ORDERED that the cross motion is denied; and it is further,
ORDERED that pursuant to 22 NYCRR 1240.12(c)(2)(v) the respondent, Lawrence Alan Weissmann, is suspended from the practice of law for a period of two years, effective September 20, 2019, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than March 19, 2021. In such application (see 22 NYCRR 691.11 and 1240.16), the respondent shall furnish satisfactory proof that during that period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11, and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Lawrence Alan Weissmann, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Lawrence Alan Weissmann, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Lawrence Alan Weissmann, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court